[No. 9168.    Department One.    February 10, 1911.]

THE STATE OF WASHINGTON, *on the Relation of the Northern Pacific Railway Company, Respondent*, v. RAILROAD COMMISSION OF WASHINGTON, *Appellant*.[1]

RAILROADS—RATES—REGULATION—REASONABLENESS — TRAIN SERVICE. An order of the railroad commission requiring a daily mixed freight and passenger service over a branch line fourteen miles long is unreasonable, where the income from passenger travel resulting therefrom was only 9 cents per mile, and cost over thirty cents per mile, the present bi-weekly freight service was adequate and a financial loss to the company, which loss would be increased by the change without any great necessity for it.

Appeal from a judgment of the superior court for Chehalis county, Sheeks, J., entered January 26, 1910, upon findings in favor of the plaintiff, vacating on certiorari an order of the railroad commission requiring the furnishing of extra train service, after a hearing before· the court.    Affirmed.

*The Attorney General*, and *W. V. Tanner* and *R. E. Campbell, Assistants*, for appellant.

*Geo. T. Reid*, for respondent.

PARKER, J.—Upon a hearing had in October, 1909, the railroad commission entered an order requiring the Northern

[1]Reported in 113 Pac. 252.

Pacific Railway Company to operate a mixed freight and passenger train each way, between its stations of South Aberdeen and Ocosta, each day of the week except Sunday. The railway company, considering itself aggrieved by the order, caused the proceedings to be removed by writ of review to the superior court for Chehalis county. A hearing in that court, upon the evidence taken before the commission, resulted in findings and judgment declaring the order of the commission to be unreasonable, and vacating the same. From this judgment, the commission has appealed to this court.

The evidence upon which the commission's order was based is practically free from conflict, though it is not very satisfactory. However, we believe that the following is a fair statement of the controlling facts established, and is as favorable to the commission's contention as the record will warrant. The railway company owns and operates a branch line of railway from South Aberdeen to Ocosta, in Chehalis county, a distance of about fourteen miles. The railway company now maintains a train service on this branch consisting of one mixed train each way twice a week. During November and December, 1907, and January and February, 1908, the railway company maintained a daily train service on this line, and during that period the passenger travel on the line only produced an income of nine cents per mile per day in one direction, and eleven cents per mile per day in the opposite direction. That is, there was an average of between three and four passengers per day carried over the line in each direction at the usual fare of three cents per mile. There is no evidence in the record to warrant the conclusion that the passenger earnings would be greater than this at the present time with a daily train service. The cost of operating a train over the line is not less than thirty cents per mile, not including maintenance expenses. The two trains per week now operated are entirely sufficient to render all necessary freight service to the people along the line. The entire receipts from freight and passengers, even as the train service is now operated, is

not sufficient to prevent the line being operated at a financial loss to the railway company, and it is evident that that loss would be materially increased by the additional expense incident to a daily train service. The benefits to the public of a daily freight service over the present service would be insignificant. And while the additional passenger service would no doubt be of some convenience to the public, we do not think the necessities of the public for such service is of enough consequence to warrant the forcing of the railway company to furnish such additional service at a financial loss in addition to the loss now being incurred by it in operating the line as at present. This branch line and the small community it serves are both relics of the memorable real estate boom of the early nineties. Nearly all of the business inducements which prompted the building of this branch line have vanished, and we believe the evidence in this record shows that the railway company is bearing all of the burdens required of it in furnishing to the public the present train service.

We are of the opinion that the learned superior court correctly determined that the order of the commission is unreasonable. The judgment is affirmed.

RUDKIN, MOUNT, FULLERTON, and GOSE, JJ., concur.